FILED

2014 Jul-15  AM 08:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALLISON CANADA HAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:12-cv-2956-AKK** |
| **CAROLYN W. COLVIN,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Allison Canada Hand ("Hand") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence.  Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Hand, whose past relevant experience includes work as a relief charge nurse and registered nurse, filed applications for Title II disability insurance benefits on September 12, 2008, and for Title XVI Supplemental Security Income on January 12, 2009, alleging in both applications a disability onset date of January 14, 2007,

due to lower back pain, post traumatic stress disorder, chronic depression, social anxiety, panic disorder, and claustrophobia.  (R. 21, 199).  After the SSA denied Hand's claim, she requested a hearing before an ALJ.  (R. 99-100).  The ALJ subsequently denied Hand's claim, (R. 17-35), which became the final decision of the Commissioner when the Appeals Council refused to grant review.  (R. 1-6).  Hand then filed this action for judicial review pursuant to § 205(g) of the Act, 42 U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'" *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the Commissioner; instead, it must review the final decision as a whole and determine if the decision is "reasonable and supported by substantial evidence." *See id*.  (citing *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence falls somewhere between a scintilla and a

preponderance of evidence; "[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other citations omitted).  If supported by substantial evidence, the court must affirm the Commissioner's factual findings even if the preponderance of the evidence is against the Commissioner's findings. *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance." *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

3

     (1)     whether the claimant is currently unemployed;

     (2)     whether the claimant has a severe impairment;

     (3)     whether the impairment meets or equals one listed by the Secretary;

     (4)     whether the claimant is unable to perform his or her past work; and

     (5)     whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ found that Hand had not engaged in substantial gainful activity since August 12, 2008 and, therefore, met Step One.  (R. 34).  Next, the ALJ found that Hand satisfied Step Two because she suffered from the severe impairments of "post-traumatic stress disorder, anxiety, depression, back pain, and hepatitis C."  *Id*.  The ALJ then proceeded to the next step and found that Hand failed to satisfy Step Three because she does not have an impairment or combination of impairments that meets or medically equals one of

the listed impairments.  *Id.*  Although the ALJ answered Step Three in the negative,

consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to

Step Four where he determined that Hand has the residual functional capacity

(RFC) to perform

> light work which allows for occasional bending and stooping; no left
> leg pushing and/or pulling; average IQ; no driving; simple, repetitive,
> non-complex tasks; and work that is primarily with or around things
> and not the general public.

(R. 35).  In light of her RFC, the ALJ held that Hand "is unable to perform any past

relevant work."  (R. 35).  Lastly, in Step Five, the ALJ considered Hand's age,

education, work experience,[1] and RFC and determined Hand "is capable of

performing a significant number of light and sedentary jobs, considering her age,

education, and residual functional capacity."  *Id.*   Therefore, the ALJ found that

Hand "is  not disabled within the meaning of the Social Security Act."  *Id.*

## V.  Analysis

The court now turns to Hand's contentions that the ALJ erred by (1) failing

to review an MRI she submitted after the hearing; (2) failing to develop the record

---

[1] As of the date of the ALJ's decision, Hand was 42 years old.  (R. 24).  She
has a Bachelor of Science degree in Nursing, (R. 24), and past relevant work that
included "light semi-skilled work as a as a relief charge nurse, which is classified as
light and highly skilled with an SVP of 7, but which she performed at the very
heavy level of exertion, and as a registered nurse, which is classified as medium and
skilled with an SVP of 6, but which the claimant performed at the very heavy level
of exertion."  (R. 33).

by ordering a consultative examination; and (3) making flawed mental RFC findings. *See* doc. 9 at 5-7.  The court addresses each contention in turn.

A.    The Posthearing MRI

Hand first contends that the ALJ did not discuss an MRI of July 16, 2010, she submitted after the hearing, and that the Appeals Council erred because it did not remand the case to the ALJ for consideration of the MRI.  Doc. 9 at 6.  In making her contention, Hand overlooks that in this circuit "there is no rigid requirement that the ALJ specifically refer to every piece of evidence in his decision" so long as the ALJ's decision enables the reviewing court to conclude that the ALJ considered the claimant's medical condition as a whole.  *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005).  Unfortunately for Hand, based on this record, the court has no difficulty concluding that the ALJ considered the conditions shown by the MRI.

The ALJ discussed Hand's complaints of back pain and degenerative disc disease extensively.  For example, the ALJ discussed Dr. Jack Zaremba's consultative examination in detail, and observed that Dr. Zaremba found "no spasm or deformity in her back," although he found "a somewhat antalgic gait."  (R. 28).  More significantly, the ALJ noted that x-rays performed in connection with Dr.

Zaremba's examination "showed L5-S1 spondylolisthesis[2] of approximately five millimeters," and that Dr. Zaremba diagnosed "degenerative disc disease with sciatic symptoms." *Id.* The ALJ also discussed treatment notes from Cooper Green Hospital showing Hand was treated for lower back pain on July 29, 2009. (R. 29). The ALJ specifically noted that "X-rays taken of [Hand's] lumbosacral spine showed old anterior wedging of T12 with narrowing of the T12-L 1 disc space, and grade two spondylolisthesis of L5 on S1 with narrowing of the L5-S1 disc space and sclerosis of the facet joints." *Id.*

The ALJ's discussion of Hand's degenerative disk disease shows that he considered it in reaching his decision. Moreover, the ALJ's discussion of the x-ray scans demonstrates that his failure to mention the posthearing MRI was not reversible error. The posthearing MRI shows multilevel spondylosis,[3] spondylolisthesis L5 on S1, and a broad based disc bulge at L5-S1 with encroachment upon both neural foramina. (R. 296). Thus, the MRI shows essentially the same defects revealed on the x-rays discussed by the ALJ. Consequently, the MRI does not contradict the ALJ's findings, or show the

---

[2] Spondylolisthesis is the "forward displacement of one vertebra over another." *Dorland's Illustrated Medical Dictionary* 1567 (27th ed.).

[3] Spondylosis is "ankylosis [immobility and consolidation of a joint due to disease, injury, or surgical procedure] of a vertebral joint; also, a general term for degenerative changes due to osteoarthritis." *Dorland's Illustrated Medical Dictionary* 1567, 91 (27th ed.).

presence of a condition not adequately considered by the ALJ in his decision. Therefore, the ALJ's failure to discuss the MRI is not reversible error, and the Appeals Council did not err in failing to remand the case.

      B.    <u>Failure to Develop the Record</u>

Hand next contends the ALJ could have obtained a consultative examination because the MRI showed a change in her condition.  Doc. 9 at 7.  The regulation cited by Hand provides that a consultative examination may be purchased if "[t]here is an indication of a change in your condition that is likely to affect your ability to work, but the current severity of your impairment is not established."  20 C.F.R. § 1519a(b)(4).  As discussed in the previous section, the MRI does not show a significant change in Hand's condition relative to the x-ray evidence of record at the time of the ALJ hearing.  Accordingly no additional consultative examination was warranted, and the ALJ committed no error in failing to order a second consultative physical examination.

      C.    <u>The ALJ's Mental RFC Findings</u>

Hand's final argument is that the ALJ's mental RFC finding was flawed because his finding that Hand "should work with things rather than the general public" would also "affect functioning around coworkers and supervisors," and, therefore, was inconsistent with one of the jobs identified by the ALJ in his Step Five finding.  Doc. 9 at 7.  However, Hand's contention ignores that the ALJ's

hypothetical question to the vocational expert (VE) included the proviso that Hand "should primarily work with or around things and not the general public." (R. 71). The VE testified that an individual with that restriction would be able to perform the jobs identified by the ALJ in his decision. (R. 71-72, 34). Moreover, Dr. Jon Rogers, Ph.D., opined that Hand "is capable of being cooperative with peers and supervision and maintaining a routine work cycle in a well-structured work situation," (R. 285-86), which provides substantial evidence to support the ALJ's findings, and belies Hand's implicit argument that she was unable to function "around coworkers and supervisors." Doc. 9 at 7. For these reasons, Hand's argument is without merit.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Hand is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination. Therefore, the Commissioner's final decision is **AFFIRMED**. A separate order in accordance with the memorandum of decision will be entered.

DONE this 15th day of July, 2014.

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE